IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE:

**CAPRICORN PHARMA, INC.**

Debtor

Case No.: 14-12941-PM
Chapter 11

**MOTION TO CONVERT CASE TO CHAPTER 7 OR,
IN THE ALTERNATIVE, TO DISMISS CASE**

Judy A. Robbins, the United States Trustee for Region 4 ("United States Trustee"), by and through her undersigned counsel, hereby moves to convert this case to a liquidation under Chapter 7 of the United States Bankruptcy Code or, in the alternative, to dismiss it.  This Motion is filed pursuant to 28 U.S.C. §§ 157, 586, and 1334; and 11 U.S.C. § 307.  The applicable statutes and rules supporting this Motion are 11 U.S.C. 1112(b) and Fed. R. Bankr. P. 2015.  In further support of this Motion, the United States Trustee states as follows:

1.    On February 27, 2014, Capricorn Pharma, Inc. (the "Debtor") filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor has remained in possession of the estate's assets and continues to manage its financial affairs.  11 U.S.C. §§ 1107, 1108.  No unsecured creditors' committee has been appointed.

2.    Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases.  Section 1112(b)(1) provides in relevant part:

> on request of a party in interest, and after notice and a hearing, . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

1

11 U.S.C. § 1112(b)(1). Once a movant has established cause, the Court must exercise its discretion to determine which action – conversion or dismissal – best suits the circumstances of the case. *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.)*, 14 F.3d 240, 242 (4th Cir. 1994). *See also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (After cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate). *Accord In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011) (hereafter, "*Landmark Atlantic*").

  3. In determining which remedy, conversion or dismissal, is in the best interests of creditors and the Bankruptcy Estate, the Court should consider the following factors:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a 'single asset'; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan had been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012)(quoting 7 COLLIER ON BANKRUPTCY [SECTION] 1112.04[7].

  4. Section 1112(b)(4) contains an illustrative, non-exclusive list of what constitutes cause to dismiss or convert a case to Chapter 7. *See In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010). Additionally, a bankruptcy court has wide discretion to determine whether cause

exists to dismiss or convert a case. *In re Products Int. Co.,* 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Tornheim*, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995) (factors in Section 1112(b) are not exhaustive, and bankruptcy court has wide discretion to determine if cause to convert exists).

5. Pursuant to Section 1112(b) of the Bankruptcy Code, a Chapter 11 case shall be converted to a liquidation proceeding under Chapter 7 or dismissed for "cause." *See* 11 U.S.C. § 1112(b)(1). This case should be converted to Chapter 7 or dismissed because there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

6. At the Section 341 meeting of creditors, the Debtor testified that in December 2013, it was evicted from its place of operations, although all of its large equipment was still located in the building from which it was evicted. The stated purpose of filing this bankruptcy was to attempt to work out a resolution with the landlord so that it could resume operations in the building. The Debtor also wanted to prevent further repossessions of its equipment.

7. One week prior to the Petition Date, the Debtor transferred seventy percent (70%) of its stock to Izeen Pharma, Inc. ("Izeen") in a no cash transaction. The previous owner of the Debtor, Subraman Rao Cherukuri ("Cherukuri"), agreed to give Izeen seventy percent (70%) of the Debtor for a possible forty percent (40%) interest in Izeen if and only if Izeen cures the Debtor's financial problems.

8. The President of Izeen, Ram Ajjarapu, testified on behalf of the Debtor at the Section 341 meeting.

9. Counsel for the Debtor, Ron Drescher, also currently represents the owners of Izeen.

10. As of the Petition Date, the Debtor had not operated in four (4) months.

11. In the Monthly Operating Report for March 2014, which was signed by Ram Ajjarapu, President of Izeen, the Debtor showed no income and expenses of $54,225.43. In addition, the Debtor listed $14,024.98 in unpaid bills. According to Exhibit B in the Monthly Operating Report, Izeen loaned the Debtor $54,407.31 in February and March. The Debtor did not file a motion to obtain post-petition financing.

12. Not only is the Debtor losing substantial money each month, but the Debtor has no reasonable hope of rehabilitation. In fact, in discussions with counsel for the Debtor on May 21, 2014, the United States Trustee learned that Izeen, not the Debtor or on behalf of the Debtor, signed a new lease with the Debtor's former landlord and is currently occupying the Debtor's former place of business.

13. Counsel for the Debtor also informed the United States Trustee that Izeen, not the Debtor or on behalf of the Debtor, has been in contact with the secured lenders on the equipment that the Debtor was seeking to retain.

14. Izeen has positioned itself to take over the Debtor's operations. So, in a no cash transaction, Izeen was able to paralyze the Debtor from taking any action to stop Izeen from taking over the Debtor's lease, equipment, customers, and business. Even better for Izeen, it did not have to report its actions to this Court or the creditors of this Estate.

15. Izeen is acting in its own best interest and not in the best interest of the Debtor. Izeen benefits most if the Debtor fails because, in that case, it will be able to retain the Debtor's business without having to share 40% of its equity with Mr. Cherukuri.

16. As such, the United States Trustee believes that the best interests of the estate and the creditors would be served by converting this case to Chapter 7 or dismissing it.

4

17. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests that the Court enter an Order converting this case to Chapter 7 or, in the alternative, dismissing it, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 27, 2014

**JUDY A. ROBBINS**
United States Trustee for Region 4
By Counsel:

*/s/ Lynn A. Kohen*
Lynn A. Kohen, Bar No. 10025
Trial Attorney
Office of the U. S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770
(301) 344-6216
(301) 344-8431 (fax)
E-mail: lynn.a.kohen@usdoj.gov

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on the 27th day of May, 2014, a copy of the foregoing Motion to Convert Case to Chapter 7, or, in the Alternative, to Dismiss Case was served by ECF notification to Ronald Drescher at rondrescher@drescherlaw.com and by first-class mail, postage prepaid to:

Capricorn Pharma, Inc.
6900 English Muffin Way, Unite A
Frederick, MD 21703

        */s/ Lynn A. Kohen*
        Lynn A. Kohen