**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | * | |
| CAPRICORN PHARMA, INC. | * | Case No: 14-12941-PM |
| | | (Chapter 7) |
| Debtors | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING**
**THE SALE OF PROPERTY OF THE DEBTOR'S ESTATE FREE**
**AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**AND SETTLING CERTAIN CLAIMS**

Gary A. Rosen, Chapter 7 Trustee (the "Trustee"), by counsel, files this Motion for Order

Approving the Sale of Property of the Debtor's Estate Free and Clear of Liens, Claims and

Encumbrances and Settling Certain Claims (the "Motion") pursuant to 11 U.S.C. §§ 363(b) and

(f), Fed. R. Bankr. P. 9019, 6004 and Local Rule 6004-1, and in support thereof states as follows:

Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, 11 U.S.C. §§ 105, 363(b) and (f) and 365, and Federal Rules of Bankruptcy Procedure

6004 and 9019.  Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This

matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The relief sought with this Motion is based upon 11 U.S.C. §§ 363 and 365 and

Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure.

Introduction

3.      On March 27, 2014 (the "Petition Date") the Debtor filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code.

4.      The 341 Meeting of Creditors was held on April 7, 2014 and continued to August 11, 2014 by notice entered on June 19, 2014 [Dkt. 46].

5.      On April 7, 2014 the U.S. Trustee filed a Statement of United States Trustee Concerning Appointment of Unsecured Creditors' Committee [Dkt. 25] reporting that an unsecured creditors committee would not be appointed because the number of persons eligible and willing to serve on such a committee was insufficient to form such a committee.

6.      On May 27, 2014, the U.S. Trustee filed a Motion to Convert Case from Chapter 11 to Chapter 7 [Dkt. 40].

7.      On June 19, 2014 the Court entered an Order Granting Motion to Convert Case from Chapter 11 to Chapter 7 [Dkt. 45].  Gary A. Rosen was thereafter appointed as the Chapter 7 Trustee.

8.      On July 30, 2014, the Trustee filed an Application Seeking Authorization to Employ Attorney for Chapter 7 Trustee [Dkt. 49].  The Court granted that request by order entered on August 20 2014 [Dkt. 51].

9.      On August 18, 2014, an Application to Employ Paul Sweeney and Yumkas, Vidmar & Sweeney, LLC as Special Counsel to Gary A. Rosen, Chapter 7 Trustee was filed [Dkt. 50].  The Court granted the request by order entered on September 8, 2014 [Dkt. 53].

10.     On January 13, 2015, the Trustee, through counsel, filed a Motion for Turnover of Property of All Furniture, Fixtures, Equipment and Inventory of the Debtor the Estate [Dkt. 61]. The Court granted this request by order entered on January 27, 2015 [Dkt. 63].

11.     The Trustee wishes to sell all of the Estate's interest in personal property, equipment, products, patents, customer lists, and related pharmaceutical manufacturing assets (the "Assets").  To facilitate the sale, the Trustee is concurrently herewith, filing that certain [Motion to Approve Bid Procedures] (the "Bid Procedures Motion").  The Trustee would retain

only causes of action and litigation claims remaining after the completion of the sale of the Assets and the settlement of claims with Izeen Pharma, Inc. described below.  The sale of the Assets will be free and clear of all liens and encumbrances as set forth in the Asset Purchase Agreement (the "APA") attached hereto as **Exhibit 1**.  The Assets are further identified in Exhibit A to the APA.

Relief Requested and Basis for Relief

12.     By this Motion, the Trustee seeks entry of an Order under 11 U.S.C. §§ 105 and 363, Fed. R. Bankr. P. 6004 and Local Rule 6004-1, authorizing the sale of property of the estate as further identified on Exhibit A to the APA, attached hereto as Attachment 1 (the "Sale").

13.     The Trustee has received other expressions of interest in the Assets and continues to encourage bids by Qualified Bidders (as defined in the Bid Procedures Motion).  To date, however, Izeen Pharma, Inc., a Delaware corporation ("Izeen") is the only party to submit a Qualified Bid and also asserts that it has a claim for the payment of administrative rent. Consequently, the Trustee believes that the sale to Izeen, as described in the APA, attached hereto as Attachment 1, subject to higher and better bids, as contemplated by and in accordance with the Bid Procedures should be approved by the Court.  Izeen has already been approved by the Trustee to purchase the Assets.  The purchase price for the Assets is $500,000, and a waiver of claims held by the Trustee and Izeen, including any administrative rent or storage claims, claimed by Izeen.

Asset Purchase Agreement Terms

Subject to this Court's approval of the APA, the sale of the Assets to Izeen (as used hereinbelow, Izeen shall refer to Izeen and/or the Successful Bidder pursuant to the Bid Procedures) will be

free and clear of any and all claims, liens, encumbrances, judgments and security interests. The salient terms of the APA are summarized below[1]:

PURCHASE PRICE; EARNEST MONEY DEPOSIT.

a.  The purchase price (the "Purchase Price") shall equal Five Hundred Thousand and No/100 Dollars ($500,000.00), payable as follows:

i.  A non-refundable deposit of ($20,000.00) delivered to Izeen's counsel on Friday, February 13, 2015 (the "Non-Refundable Deposit"), and which was fully earned and received by the Trustee on or about February 19, 2015.

ii.  A refundable deposit of ($80,000.00) which was also received by the Trustee on or about February 19, 2015 (the "Refundable Deposit"). The Refundable Deposit and the Non-Refundable Deposit are hereinafter collectively referred to as the "Earnest Money Deposit."

iii.  Upon entry of an Order of the Bankruptcy Court approving the sale (the "Sale Order" defined herein), the Trustee shall receive and earn the Refundable Deposit credit against the Purchase Price in the amount of the Earnest Money Deposit.

iv.  Within thirty days after entry of the Sale Order, Izeen shall pay the unpaid balance of the Purchase Price (i.e., $400,000) to Seller by wire transfer of immediately available federal funds to an account specified by Trustee.

v.  Upon entry of the Sale Order, Izeen and the Trustee will exchange Mutual Releases effecting a release of any and all claims held by either against the other. Izeen assigns a value of $240,000 as a benefit to the estate in connection with such Mutual Releases. In the event the Trustee sells the Property or any part thereof to any person or entity other than Izeen, or in the event that as a result of competitive bidding Izeen pays more than $500,000 for the Property, then Izeen reserves its right to seek compensation for such costs and expenses as an administrative priority expense or other expense in the Bankruptcy Case and the Trustee reserves all of his rights to contest same. If Izeen is not the successful buyer of the Assets, then the Trustee reserves the right to pursue any of the Trustee's causes of action against Izeen or its related parties.

vi.  The Trustee has evaluated the potential claims it has against Izeen and has determined that the risks, the costs of litigation, and the uncertainty of the result, warrant a settlement and release.

---

[1] The following represents only a summary of the salient provisions of the APA; the APA itself should be referred to in its entirety for the specific terms and conditions thereof. If there is any inconsistency between the following summary and the APA, the terms and conditions of the APA will control. Capitalized terms used, but not defined in the following summary, have the meaning ascribed to such terms in the APA.

CLOSING.

a.  The consummation of the transactions contemplated by the APA (the "Closing") shall take place no later than thirty (30) days after the Sale Order is entered in the Bankruptcy Case (the "Closing Date"), time being of the essence. All proceedings to be taken and all documents to be executed and delivered by the parties at the Closing shall be deemed to have been taken and executed simultaneously and no proceedings shall be deemed to have been taken nor documents executed or delivered until all have been taken, executed and delivered.

b.  At the Closing, the Trustee and Izeen shall deliver all agreements, documents and instruments, duly executed and, where applicable, acknowledged and/or sworn, as are required by the APA or are otherwise reasonably required by either party and are not inconsistent with the APA (the "Closing Documents"). The Closing will occur at the offices of Yumkas, Vidmar & Sweeney, LLC, 10211 Wincopin Circle, Suite 500, Columbia, MD 21044, or at such other place as the Trustee and Izeen may mutually agree.

c.  At the Closing, the Trustee shall deliver to Izeen all of the following:

    i.   A bill of sale for the Property.

    ii.  Evidence of a final version of an adversary proceeding with the Trustee as plaintiff seeking, *inter alia,* a declaratory determination that the stock purchase transaction described more fully in <u>Exhibit B</u> to the APA is void or voidable, with such adversary proceeding to be filed immediately upon consummation of the Closing. The Trustee agrees to prosecute such adversary proceeding in good faith. The APA will survive the Closing.

    iii. A release of all claims the Trustee may hold against Izeen.

d.  At the Closing, Izeen shall deliver to the Trustee all of the following:

    i.   The balance of the Purchase Price.
    ii.  An officer's certificate certifying that all of the representations made by Izeen in the APA are true and correct in all material respects as if made on the Closing Date.
    iii. Evidence reasonably satisfactory to the Trustee with respect to the due organization of Izeen, and its execution of the APA.
    iv.  All financial records of the Debtor in Izeen's possession or control, including, without limitation, all records and information in its possession or control with respect to payments made by the Debtor during the three year period prior to the Petition Date.
    v.   A mutual release of all claims Izeen and the Trustee may hold against each other.

14. There is no brokerage fee involved in the Sale.

<u>Legal Basis for Relief Requested</u>

<u>Sale of the Assets Pursuant to the Terms of the APA is an Appropriate Exercise of Sound
Business Judgment and Should be Approved</u>

15.    Section 363(b)(1) of the Bankruptcy Code governs the sale of assets of a debtor

outside the ordinary course of business.  Specifically, that section provides, in relevant part, that

"[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course

of business, property of the estate."  In determining whether to authorize the sale of property

outside the ordinary course of business, courts require a trustee "to show that a sound business

purpose justifies such actions."  *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp.*

(*In re Montgomery Ward Holding Corp.*), 242 B.R. 147, 153 (D. Del. 1999).  *See also In re Del.*

*& Hudson Ry. Co.*, 124 B.R. 169, 178 (D. Del. 1991) (affirming decision permitting debtor to

sell assets where sound business reasons supported the sale).  When a sound business purpose

exists, and the sale is made in good faith, a sale pursuant to § 363(b)(1) of the Bankruptcy Code

should be approved.  *See In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 150-51 (3d Cir. 1986)

(noting that when a court authorizes a sale of assets pursuant to § 363(b)(1), it is required to

consider the "good faith" of the purchaser).

16.    In the instant case, the Trustee submits that sound business justification exists

which merits judicial approval of the proposed sale.  The Purchase Price is reasonable and, to the

best of the Trustee's knowledge, there is no other potential buyer willing to pay more for the

Assets.  The sale will allow the Trustee to immediately realize funds available for a distribution

to creditors.  Thus, it is the Trustee's sound business judgment that the value to be realized by the

estate through the sale of the Assets, and the fact that the proposed sale is the end result of good-

faith negotiations between the Trustee and Izeen, the proposed sale of the Assets to Izeen is in

the best interest of the estate and its creditors.

<u>Settlement</u>

17.      Rule 9019(a) of the Bankruptcy Rules, which governs the approval of compromises and settlements, provides in pertinent part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a).

18.      In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> [E]ducated estimate of the complexity, expense and likely duration of [any] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). *See Depo v. Chase Lincoln First Bank, N.A.* (*In re Depo*), 77 B.R. 381, 383 (N.D. N.Y. 1987), *aff'd*, 863 F.2d 45 (2d Cir. 1988); *American Can Co. v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 605, 607 (5th Cir. 1980); *Chopin Assoc. v. Smith* (*In re Holywell Corp.*), 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr. N.D. Ohio 1987), *aff'd*, 87 B.R. 472 (N.D. Ohio 1987); *Cf. Magill v. Springfield Marine Bank* (*In re Heissinger Resources, Ltd.*), 67 B.R. 378, 383 (C.D. Ill. 1986) ("the law favors compromise").

19.      In making its determination, the Court should consider whether the proposed compromise is in the "best interest of the estate." *Depo*, 77 B.R. at 383. As stated in *Arrow Air*, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." *Arrow Air*, 85 B.R. at 891. In passing upon a proposed settlement, "the bankruptcy

court does not substitute its judgment for that of the Trustee [or debtor in possession]." *Depo*, 77 B.R. at 384 (citations omitted). Nor is the bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983), cert denied, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), cert denied, 409 U.S. 1039 (1972)). *See Holywell*, 93 B.R. at 294 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'") (quoting *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985)). In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee [or debtor in possession], the parties and their counsel." *Bell & Beckwith*, 77 B.R. at 512.

20.     The factors to be considered by the Court in determining whether to approve a compromise or settlement include:

> (i)    probability of success in the litigation, with due consideration for the uncertainty in fact and law;
> (ii)   the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and
> (iii)  all other factors bearing on the wisdom of the compromise.

*Arrow Air*, 85 B.R. at 891 (*citing TMT Trailer Ferry*, 390 U.S. at 424-25). *See Jackson Brewing Co.*, 624 F.2d at 507; *Holywell Corp.*, 93 B.R. at 294-95 (citations omitted).

21.     After discussion and negotiations, the parties have agreed to a settlement and compromise in order to fully resolve the rights of all the parties and avoid any future disputes. This settlement avoids contentious and protracted litigation that would have an uncertain

outcome.  It also settles the dispute over the amount owed for storage provided by the claimant and related assertions and defenses.

22.     In this case, prior to the bankruptcy, Capricorn's lease to the facility where all of the Debtor's property is located was terminated and that termination fundamentally altered the rights of the Debtor and eliminated the likelihood of an effective reorganization.  That circumstance also limits the Trustee's options with respect to a sale of the assets to third parties.  Consequently, the Trustee has determined that resolving claims against Izeen while obtaining a favorable sales price of $500,000 is in the best interest of the estate.  Accordingly, the release of these claims, and a declaration by the Court (by separate adversary proceeding) that the prior Stock Purchase Agreement between Izeen and Capricorn is void or that these transactions are void or voidable, is the most advantageous resolution for the estate.

An Auction of the Assets Is Not Required

23.     In accordance with Bankruptcy Rule 6004(f)(1), asset sales outside of the ordinary course of business may be by private or public sale.  Fed. R. Bankr. P. 6004(f)(1).  A trustee has broad discretion in determining the manner in which assets are sold.  *Berg v. Scanlon (In re Alisa P'ship)*, 15 B.R. 802, 802 (Bankr. D. Del. 1981) ("[T]he manner of [a] sale is within the discretion of the trustee . . ."); *In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (noting that a trustee has "ample discretion to administer the estate, including authority to conduct public or private sales of estate property.") (internal quotations and citations omitted).  As long as a trustee maximizes the return to its estate, a court should defer to a trustee's business judgment of how to conduct a sale of its assets.  *Id.* at 532 (recognizing that although a trustee's business judgment enjoys great judicial deference, a duty is imposed on the trustee to maximize the value obtained from a sale); *In re Nepsco, Inc.*, 36 B.R. 25, 26 (Bankr. D. Me. 1983) ("Clearly, the thrust of th[e] statutory scheme [governing 363 sales] is to provide maximum

flexibility to the trustee, subject to the oversight of those for whose benefit he acts, i.e., the creditors of the estate."). Accordingly, if a trustee concludes that conducting a private sale, as opposed to a public auction, is in the best interest of the estate, the trustee should be permitted to do so. *Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship (In re Woodscape Ltd. P'ship),* 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect sales of estate property, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction.").

24.     The Trustee believes that the estate and its creditors would not benefit from a costly marketing and auction process. The Trustee has assiduously negotiated sale terms with other potential purchasers, and the APA provides the only unconditional offer received. Having considered the risks and rewards of undertaking further marketing efforts and negotiations, the Trustee has determined that the delay, costs, litigation risks, and uncertain result associated therewith would likely negate any benefit to be derived through a public sale of the Assets. Accordingly, the Trustee submits that a private sale of the Assets is in the best interest of the estate and its creditors and should be approved.

<u>Sale of the Assets Free and Clear of Liens, Claims and Encumbrances is Appropriate</u>

25.     The Trustee further submits that it is appropriate that the Assets be sold free and clear of liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances or interests to attach to the sale proceeds thereof. Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)     such entity consents;

(3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)  such interest is in bona fide dispute; or

(5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

It is only necessary to meet one of the five conditions of § 363(f).

26.    To facilitate the sale of the Assets, the Trustee seeks authorization to sell such Assets free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the net proceeds of such sale with the same rights and priorities therein. Because § 363(f) is stated in the disjunctive, when selling property of the estate it is only necessary to meet one of the five conditions of that section. 11 U.S.C. § 363(f). *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) ("[Section 363(f)] is written in the disjunctive, not the conjunctive. Therefore, if any of the five conditions of § 363(f) are met, the trustee has the authority to conduct the sale free and clear of all liens.").

27.    As of the date hereof, the Trustee is not aware of any liens or interests held by any party in respect of the Assets. The Trustee submits that the Court should authorize the sale of the Assets free and clear of any and all liens, claims and encumbrances, with any of the same to be transferred and attached to the net proceeds of the sale, with the same validity and priority that such liens, claims and encumbrances had against the Assets. Thus, the sale of the Assets free and clear of liens, claims and encumbrances will satisfy the statutory prerequisites of § 363(f) of the Bankruptcy Code.

## Buyer's Good Faith under 11 U.S.C. § 363(m)

28.    Section 363(m) of the Bankruptcy Code protects the sale of a debtor's property to

a good faith purchaser.  Section 363(m) provides,

> The reversal or modification on appeal of an authorization under
> subsection (b) or (c) of this section of a sale or lease of property
> does not affect the validity of a sale or lease under such
> authorization to an entity that purchased or leased such property in
> good faith, whether or not such entity knew of the pendency of the
> appeal, unless such authorization and such sale or lease were
> stayed pending appeal.

11 U.S.C. § 363(m).

29.    While the Bankruptcy Code does not define "good faith," the Third Circuit in *In*

*re Abbotts Dairies of Pa.* has held that:

> [t]he requirement that a purchaser act in good faith ... speaks to the
> integrity of his conduct in the course of the sale proceedings.
> Typically, the misconduct that would destroy a purchaser's good
> faith status at a judicial sale involves fraud, collusion between the
> purchaser and other bidders or the trustee, or an attempt to take
> grossly unfair advantage of other bidders.

*Id.* at 147 (citations omitted).

30.    The APA was negotiated between counsel for the Trustee and counsel for

Izeen.  The Sale is the result of arms'-length negotiations upon which all parties acted in good

faith.

31.    Accordingly, the Trustee requests the Court determine Izeen to be acting in good

faith and entitled to the protections afforded to good faith purchasers under § 363(m) of the

Bankruptcy Code.

32.    Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), and

consistent with Bankruptcy Code § 363(m), the Trustee requests that the Order not be stayed and

that it shall be effective and enforceable immediately upon entry.  Time is of the essence in

closing the Sale, and the Trustee and Izeen intend to close the Sale as soon as practicable.

33.    Pursuant to Local Rule 9013-2, the Trustee relies upon the authorities set forth

herein and will not file a separate memorandum of points and authorities.

4814-8102-2498, v. 1                                    - 12 -

WHEREFORE, the Trustee respectfully requests that the Court enter an Order approving the sale of the Assets free and clear of all liens, security interests, pledges, interests and other encumbrances pursuant to the terms set forth in the APA, or such other agreement, on terms equal to or better than the terms set forth in the APA, and for such other relief which is just and equitable.

Dated:  March 6, 2015

/s/ Paul Sweeney
Paul Sweeney, 07072
Yumkas, Vidmar & Sweeney, LLC
10211 Wincopin Circle, Suite 500
Columbia, Maryland  21044
(443) 569-5972
psweeney@yvslaw.com

*Counsel for Gary A. Rosen,*
*Chapter 7 Trustee*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of March 2015, notice of filing of the Trustee's Motion for Order Approving the Sale of Property of the Debtor's Estate Free and Clear of Liens, Claims and Encumbrances and Settling Certain Claims (the "Motion"), was sent electronically to those parties listed on the docket as being entitled to such electronic notice, and a copy of the Motion was mailed first class, postage prepaid to all creditors and parties in interest, as shown on the attached service list.

/s/ Paul Sweeney
Paul Sweeney

*Served by first class mail, postage prepaid to the following:*

AAI Pharma
2320 Scientific Park Dr.
Wilmington, NC 28405-1800

AAI Pharma
P.O. Box 11407
Birmingham, AL 35246-1619

ABF Freight System Inc.16125-B
BUSINESS P
HAGERSTOWN, MD 21740-4205

AIC
135 Newbury Street
Framingham, MA 01701-4590

ALS Environmental
PO Box 975444
Dallas, TX 75397-5444

ALS Environmental
8081 Lougheed Hwy Burnaby
British Columbia, Canada
V5A1W9

AT&T
P.O. Box 6463
Carol Stream, IL 60197-6463

Accugenix, Inc. /
Charles River Laboratory
GPO Box 27812
New York, NY 10087-7812

Adenike Bamgboye
995 Heather Ridge Dr. Apt C
Frederick, MD 21702-1429

Agilent Technologies Inc.
4187 Collections Center Drive
Chicago, IL 60693-0041

Air Engineering Inc.
6040 W Executive Dr., Suite K
Mequon, WI 53092-4481

Air Flow Environmental
7845 Airpark Rd., Unit H
Gaithersburg, MD 20879-4185

Ajaykumar Mallesha
1205 Baker Place APT 44
Frederick, MD 21702-4636

Zicam LLC
1 Grande Commons
440 Rte. 22E, Ste 130
Bridgewater, NJ 08807

All American Containers, Inc.
9330 NW 110th Avenue
Miami, FL 33178-2519

All American Containers, Inc.
George S. Savage, Esq.
The Savage Law Group, P.A.
701 Brickell Avenue, Suite 1650
Miami, FL 33131-2847

Amcor Flexibles
22553 Network Place
Chicago, IL 60673-1225

American InfoSource LP,
as agent for T Mobile/T-Mobile
USA Inc.
PO Box 248848
Oklahoma City, OK 73124-8848

American Internat'l Chemical Inc.
135 Newbury Street
Framingham MA 01701-4590

Analytical Laboratory Services
34 Dogwood Lane
Middletown, PA 17057-3500

Aylward Enterprises
401 Industrial Drive
New Bern, NC 28562-5437

3M Petrifilm
PO Box 371277
Pittsburgh, PA 15250-7227

B R E Mars Property Owner, Inc.
c/o Indcor Properties Inc
Red Bank, NJ 07701

BB AND T
PO BOX 1847
WILSON NC 27894-1847

BB&T Financial FSB
PO Box 580340
Charlotte, NC 28258-0340

BRE/Mars Property Owner LLC
4967 Solution Center
Chicago, IL 60677-4009

Alan Betten
Sagal, Filbert, Quasney & Betten,
P.A.  600 Washington Ave.,
Ste.300
Towson, MD 21204-3916

Worldwide Express DC
c/o CTAS
192 Riva Ave.
Milltown NJ 08850-2164

Biddle Sawyer Corporation
21 Penn Plaza
360 West 31st Street
New York, NY 10001-2727

Bio-Haz Solutions
P.O. Box 420
531 Seneca Rd., Suite 2
Lehighton, PA 18235-9798

Biomerioux
PO Box 500308
St. Louis, MO 63150-0308

Biotest EMD Millipore Corporation
290 Concord Road
Billerica, MA 01821-3405

Blispak Acquisition Corp.
1 Apollo Dr.
Whippany, NJ 07981-1424

Bonna-Agela Technologies
Inc.2038A Telegraph Rd.
Wilmington, DE 19808-5230

U.S. SEC
Atlanta Reg. Office and Reorg.
950 E Paces Ferry Rd. NE
Ste. 900
Atlanta GA 30326-1382

Brenntag Specialties
1000 Coolidge Street
South Plainfield, NJ 07080-3805

C T Corporation
P.O. Box 4349
Carol Stream, IL 60197-4349

CCC of NY
POB 288
Tonawanda NY 14151-0288

Capricorn Pharma, Inc.
6900 English Muffin Way, Unit #A
Frederick, MD 21703-7157

Care First BlueCross Blue Shield
840 First Street NE
Washington, DC 20065-0003

Catherine DiGennaro
1518 Havilland Pl.
Frederick, MD 21702-3731

Chantilly Bio Pharma, LLC
3701 Concorde Parkway
Ste 500
Chantilly, VA 20151-1126

Charles Opoku
6735 Black Duck Court
Frederick, MD 21703-9550

Chattem Chemicals, Inc.
3801 St. Elmo Avenue
Chattanooga, TN 37409-1237

Checkpoint Systems, Inc.
101 Wolf Drive
Thorofare, NJ 08086-2243

Cintas
P.O. Box 1385
Culpeper, VA 22701-6385

Cinthia Pinto
2022 Weitzel Ct.
Frederick MD 21702-5505

Cole Parmer
625, East Bunker Court
Vernon Hills, IL 60061-1830

Comcast
PO Box 3005
Southeastern, PA 19398-3005

CommPutercations, Inc.
5712C Industry Lane
Frederick, MD 21704-5218

Complete Air Solutions, Inc5111
Pegasus Court #F
Frederick, MD 21704-8318

Comptroller of the Treasury
Compliance Division, Rm. 409
301 W. Preston Street
Baltimore, MD 21201-2305

Consuelo N. Gonzalez
160 L Willowdale Drive, Apt. 204
Frederick, MD 21702-4192

Contract Supplement Packaging
529 N. Dupont Ave.
Boise, ID 83713-5906

Corporation Service Co., as Rep.
P.O. Box 2576
Springfield, IL 62708-2576

Covance Laboratories
PO Box 820511
Philadelphia, PA 19182-0511

Craig. M. Kershaw
5515 Hudson Drive
Skyesville, MD 21784-6866

Cross Wiping Cloth Co.
P.O. Box 670242
Detroit, MI 48267-0242

DLLR State of Maryland
Office of Unemployment Insurance
Litigation & Prosecution Unit
1100 N. Eutaw Street, Rm. 401
Baltimore, MD 21201-2225

Daniel Herve Banogle Binyougue
1949 Timber Grove Rd.
Frederick MD 21702-3099

Debolo Ojo
820 Heather Ridge Dr., No. J
Frederick MD 21702-8839

Deitz Company Inc.
PO Box 1108
Wall, NJ 07719-1108

Deluxe for Business
PO Box 742572
Cincinnati, OH 45274-2572

Detail Machine Company
PO Box 13
8 East Grand Street
Palantine Bridge, NY 13428-9776

Direct Capital
155 Commerce Way
Portsmouth, NH 03801-3243

Divi's Laboratories Ltd.
Divi Towers, 7-1-77/E/1/303
Dharam Karan Road, Ameerp
Hyderabad, AP, INDIA 500 016

Dixie Printing and Packaging, LLC
Box #: 512632
Philadelphia, PA 19175-2632

Worldwide Express DC
211 Perry Parkway, Suite 5
Gaithersburg, MD 20877

Econocorp Inc.
72 Pacella Park Drive
Randolph, MA 02368-1791

Elements,L.L.C.
250 South Van Brunt St
Englewood, NJ 07631-4036

Elizabeth Carbide of N.C.
5801 E US HWY 64
Lexington, NC 27292-6607

Erika Yajaira
Silva Roque102 Monroe Avenue
Frederick MD 21701-3112

Eurofins Central Analytical Lab.
2315 N Causeway Blvd., Ste. 150
Metairie, LA 70001-6954

Expeditors Int'l of Washington, Inc.
45080 Old Ox Rd., Ste. 120
Dulles, VA 20166-2342

FP Properties, LLC
7600 Wisconsin Ave., 11th Floor
Bethesda, MD 20814-3657

Fed-Ex Freight
PO Box 223125
Pittsburgh, PA 15251-2125

FedEx Tech Connect Inc., as
Assignee of FedEx Express/
Ground/Freight/Office
3965 Airways Blvd, Mod. G, 3 Fl.
Memphis, TN 38116-5017

Financial Pacific Leasing
PO Box 749642
Los Angeles, CA 90074-9642

Financial Pacific Leasing Inc.
3455 S. 344th Way
Suite 300
Federal Way WA 98001-9546

Fisher Scientific
300 Industry Drive
Pittsburgh, PA 15275-1001

Fisher Scientific
PO Box 3648
Boston, MA 02241-3648

Flaiz Associates
PO Box 349
200 South Church Street
Schaefferstown, PA 17088-0349

Flavor & Fragrance Specialties
P.O. Box 299
Emerson, NJ 07630-0299

Foltz Mfg.
63 East Washington Street
Hagerstown, MD 21740-5676

Fortitech Inc.
2105 Technology Dr.
Schenectady, NY 12308-1151

Fortitech Inc.
PO Box 416966
Boston, MA 02241-6966

GE Capital Corop.
20225 Watertower Blvd.
Brookfield, WI 53045-3597

GE Healthcare Financial Svcs.
P.O. Box 641419
Pittsburgh, PA 15264-1419

General Auditing Bureau
Box #: 9658
Minneapolis, MN 55440-9658

General Electric Capital Corp.
PO Box 414-W-490
Milwaukee, WI 53201

General Electric Capital Corp.
c/o Stephanie Hor-Chen
Vedder Price P.C.
222 North LaSalle Street
Chicago, IL 60601-1104

Generic Pharmaceutical Services
1324 Motor Pkwy.
Hauppauge, NY 11749-5226

Gibraltar Laboratories Inc.
16 Montesano Rd.
Fairfield, NJ 07004-3310

Gibraltar Laboratories Inc.
122 Fairfield Road
Fairfield, NJ 07004-2485

Gonzalez, Consuelo N.
90 Waverly Drive, Apt N-301
Frederick, MD 21702-4813

Gottscho Printing Systems
501 Southlake Blvd.
 Richmond, VA 23236-3042

Great Atlantic Graphics, Inc280
Great Valley Pkwy.
Malvern, PA 19355-1361

Hartford Fire Insurance Company
Bankruptcy Unit, T-1-55
Hartford Plaza
Hartford, CT 06115

Hartford Fire Insurance Company
PO Box 660916
Dallas, TX 75266-0916

Hruai, Van
1074 Redfield Court, Apt 1C
Frederick, MD 21703-6285

Hunter Design
131 Oxford Avenue
Boonton, NJ 07005-2203

Hunton and Williams
PO Box 18936
Washington, DC 20036-8936

IMA North America c/o IMA Nova
7 New Lancaster Road
Leominster, MA 01453-5224

ISP / Ashland Specialty Ingredients
1361 Alps Road
Building 8-2
Wayne, NJ 07470-3700

ISP Technologies, Inc88076
Expedite Way
Chicago, IL 60695-0001

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Ira Zimmerman
TricorBaun Inc.
8630 Fenton St #320
Silver Spring, MD 20910-3816

J.C. Ehrlich Co. Inc.
P.O. Box 13848
Reading, PA 19612-3848

James Sayler
13521 Spring hill Drive
Hagerstown, MD 21742-2537

Janki Kulluri
602 Knoll Crest Place, Apt G
Cockeysville, MD 21030-3982

Jasmin P Waghulade
133 Willowdale Dr., Apt 3 33
Frederick, MD 21702-1163

K&L Gates LLP
1601 K St. NW
Washington, DC 20006-1682

KORSCH America Inc.
18 Bristol Drive
South Easton, MA 02375-1108

Kerry BioScience
Box 409141
Atlanta, GA 30384-9141

Korber Medipak NA Inc.
14501 58th Street North
Clearwater, FL 33760-2808

Label Master
5724 North Pulaski Road
Chicago, IL 60646-6797

Label Technology
2050 Wardrobe Avenue
Merced, CA 95341-6409

Labor Ready
PO Box 820145
Philadelphia, PA 19182-0145

Lachman Consultant Services, Inc.
1600 Stewart Ave. Ste. 604
Westbury, NY 11590-6645

Lease Brothers Sheet Metal, Inc.
4580B Mack Avenue
Frederick, MD 21703-7345

Worldlabel.com
104 South Division St., Ste. 4A
Peekskill, NY 10566-3610

Willard Packaging Co.
18940 Woodfield Rd.
Gaithersburg, MD 20879-4717

Toyota Motor Credit Corporation
PO BOX 8026
Cedar Rapids, Iowa 52408-8026

Wells Fargo Capital Finance, LLC
P.O. Box 4568
Federal Way, WA 98063-4568

Lopez, De Zoya, Lucia
1312 Peachtree Court
Frederick, MD 21703-6032

MVP Law Group, P.A.3905
National Dr., Ste. 110
Burtonsville, MD 20866-6123

Markem-Imaje Corporation
PO Box 3542
Boston, MA 02241-3542

Martinez, Fernando Lucas
109 Lauren Court
Frederick, MD 21703-1372

Maryland Comptroller of Treasury
301 W Preston St.
Baltimore, MD 21201-2383

Maryland DLLR
1100 North Eutaw Street
Baltimore, MD 21201-2225

Mayur Phadke
45485 Caboose Terrace, Apt 302
Sterling, VA 20166-6819

McMaster-Carr Supply Company
P.O. Box 7690
Chicago, IL 60680-7690

Mettler Toledo Inc.
1900 Polaris Parkway
Columbus, OH 43240-4055

Micro Biologics
217 Osseo Ave. North
St. Cloud, MN 56303-4452

Miles & Stockbridge P.C.
100 Light Street, Fifth Floor
Baltimore, MD 21202-1036

Muralidhar Purohit
615 Hollowstone Road
Frederick, MD 21703-4541

Mutchler Inc.
20 Elm Street
Harrington Park, NJ 07640-1902

NIST
PO Box 301505
Los Angeles, CA 90030-1505

Narender Reddy
602 Knoll Crest Place, Apt G
Cockeysville, MD 21030-3982

Natoli Engineering
28 Research Park Circle
St. Charles, MO 63304-5624

Newark
P.O. Box 94151
Palatine, IL 60094-4151

Nivaran Kapur
44382 Apache Circle
Ashburn, VA 20147-5043

Novus Fine Chemicals
426 Orchard Street
Carlstadt, NJ 07072-1417

Organized Kashrus Laboratories
391 Troy Ave.
Brooklyn, NY 11213-5322

Package All Corp.
655 Church Street
Bayport, NY 11705-1098

Packaging Services,Inc.16461
Elliot Parkway
Williamsport, MD 21795-4082

Philip R Murray
244 Main St 3rd Fl. Gaithersburg,
MD 20878-5588

Potomac Edison
1310 Fairmont Ave.
Fairmont, WV 26554-3526

Potomac Edison
PO Box 3615
Akron, OH 44309-3615

Prahlad Bhusurapalli
144 Penwick Circle
Frederick, MD 21702-5106

Premier Health Concepts LLC
1100 Jorie Blvd.
Oakbrook, IL 60523-2244

Premier Health Concepts LLC
782 Burr Oak Dr.
Westmont, IL 60559-1122

Wells Fargo Bank, N.A.
MAC N9311-161 Sixth & Marquette
Frederick, MD 21703

Prime Rate Premium Financed
Corp. Inc.
PO Box 580016
Charlotte, NC 28258-0016

Priyanka Yellamanchalli
202 Duke of Kent Lane, Apt T3
Cockeysville, MD 21030-5822

ProSweetz Ingredients Inc
98-A Mayfield Avenue
Edison, NJ 08837-3821

Ravi Myneni
POB 2310
Reston VA 20195-0310

Rekha Patel
12 Monarch Vista Court
Germantown, MD 20874-2925

Revanth Mutyala
3315 Quarry Ridge Drive
Evansville, IN 47720-8217

Robert W. Long
11915 Warner Rd. Keymar, MD
21757-8113

Roberts Oxygen Company, Inc.
P.O. Box 5507
Rockville, MD 20855-0507

Roquette America, Inc
2905 Eagle Way
Chicago, IL 60678-1290

Waste Management of MD
P.O. Box 13648
Philadelphia, PA 19101-3648

SPS Commerce Inc.
VB Box 3, Box 9202
Minneapolis, MN 55480-9202

SPS Commerce, Inc.
333 South 7th St., Suite 1000
Minneapolis, MN 55402-2421

Samuel Shapiro & Co.
P.O. Box 64972
Baltimore, MD 21264-4972

Secretary of the Treasury
15th & Pennsylvania Ave., N.W.
Washington, DC 20220-0001

Sigma-Aldrich Inc.
P.O. Box 535182
Atlanta, GA 30353-5182

Sigma-Aldrich, Inc.
3050 Spruce St.
St. Louis, MO 63103-2530

Silliker, Inc.
6390 Hedgewood Drive
Allentown, PA 18106-9588

Silva, Erika
115 Tillman Place
Frederick, MD 21703-6117

Stephen Gould Corporation
35 South Jefferson Road
Whippany, NJ 07981-1043

Stephen Samuel Burgoon
5235 Westview Dr. #100
Frederick, MD 21703-8397

Surekap5
79 Barrow Park Dr.
Winder, GA 30680-3417

Susan B. Levy Consulting, LLC
502 East Broad Street
Westfield, NJ 07090-2116

T & R Chemicals, Inc.
700 Cellum Road
Clint, TX 79836

TMCC
c/o Fredric A. Press, Esq.
7910 Woodmont Ave., Ste. 1350
Bethesda, MD 20814-7069

Tamperco
612 El Portal Drive
Chula Vista, CA 91914-4112

Telegia Communications, Inc
5310 Spectrum Drive, Suite C
Frederick, MD 21703-7337

Thomas Engineering Inc.
P.O. Box 950198
Hoffman Estates, IL 60195-5817

Thomas Scientific
Box 99
Swedesboro, NJ 08085-6099

Thorpe North & Western LLP
P.O. Box 1219
Sandy, UT 84091-1219

Ticorbraun Inc.
10330 Old Olive St.
Saint Louis, MO 63141-5933

Tilley Chemical Co., Inc.
P.O. Box 75078
Baltimore, MD 21275-5078

Treasurer of Frederick County
30 North Market Street
Frederick, MD 21701-5420

Tricorbraun Design & Engineering
#417659       MA5-527-02-07
2 Morrissey Blvd.
Dorchester, MA 02125-3312

Tuan Thluaichin
498 Hopnail Ct.
Frederick MD 21703-6017

U.S. Attorney-District of MD
4th Floor
36 S. Charles St.
Baltimore, MD 21201-3119

UL Verification Services, Inc.
PO Box 415534
Boston, MA 02241-5534

ULINE
PO Box 88741
Waukegan, IL 60080-1741

UPS Freight
28013 Network Pl.
Chicago, IL 60673-1280

US Trustee
6305 Ivy Lane Suite 600
Greenbelt, MD 20770-6305

UTI Transport Solutions
PO Box 403526
Atlanta, GA 30384-3526

Uk, Tuan
1072 Redfield Court, Apt. 1C
Frederick, MD 21703-6283

Unisource
850 N Arlington Heights Rd  Itasca,
IL 60143-2885

United Parcel Service (Freight)
c/o Receivable Mgmt. Servs.
P.O. Box 4396
Timonium, MD 21094-4396

Univar USA Inc.
Bank of America, Lock Box 1000
W. Temple Street
Ground Floor/File #56019
Los Angeles, CA 90012

Unum Life Insurance Co. of
America
P.O. Box 406990
Atlanta, GA 30384-6990

VaLogic, LLC
21 B Byte Ct.
Frederick, MD 21702-8724

Van Lai Hruai
1074 Redfield Ct. Apt. No. 10
Frederick MD 21703-6256

Vector Security
P.O. Box 89462
Cleveland, OH 44101-6462

Vidhi Parikh
18109 Metz Drive
Germantown, MD 20874-2313

Washington Gas Bankruptcy Dept.
6801 Industrial Rd., Rm 115A
Springfield VA 22151-4205

Washington Gas
P.O. Box 170
1800 N. Market Street
Frederick, MD 21701-3293

Neil Klein
Executive Vice President
Indcor
Two North Riverside Plaza, S. 1900
Chicago, IL 60606

*Served through CM/ECF to the following:*

Alan Betten, Esquire
Counsel for BRE/Mars Property Owner
Sagal, Filbert, Quasney & Betten, P.A.
600 Washington Avenue, Suite 300
Towson, Maryland  21204

Ronald J Drescher
Drescher & Associates
4 Reservoir Circle Suite 107
Baltimore, MD 21208-6360

Walter Lee
Law Office of Walter Lee
50 W. Montgomery Ave., Ste. 250
Rockville, MD 20850-4247

Steven N. Leitess
Leitess Friedberg PC
10451 Mill Run Circle, Suite 1000
Owings Mills, MD 21117-5519

Fredric A. Press
Press & Dozier, LLC
7910 Woodmont Ave., Ste. 1350
Bethesda, MD 20814-7069

Gary A. Rosen
One Church Street Suite 802
Rockville, MD 20850-4170

*Served via email to the following:*

John Humphrey, Esquire
johnhumphrey@gmail.com

Jack Stover
stover.jack@gmail.com

Kamesh Venugopal
kameshgvenugopal@yahoo.com

Amy ONeill
AOneill@pharmabiosource.com

William Wiederseim
wiederseim@pharmabiosource.com

Charlie Shafran
CShafran@pharmabiosource.com

Jim Self
jwself@probiopharm.com

Subbarao Malneedi
sraomalneedi@yahoo.com

Bob Cuddihy
Cuddihy@prophaselabs.com

Michael P. Shushter
mshuster@porterwright.com

Zhoumin Li
lizhm@merropharm.com

Doug Van Pelt
doug.vanpelt@windsorlabs.us

Darrell Gauthier
darrell.gauthier@iimnc.com

S. Rao Cherukuri
Src43y@ymail.com

Ram Ajjarapu
ram@intlcap.net

Chris Todd
chris@mcintyrefirm.com

Hong, Haifeng
HHong@porterwright.com